UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH COX,

    Plaintiff,

                                  Civil Case No. 17-11273

v.                                Honorable Linda V. Parker

SHAWN BREWER, et al.

    Defendants.

_____/

**OPINION AND ORDER (1) ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S MARCH 8, 2018 REPORT AND RECOMMENDATION (ECF NO. 104); (2) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 66) AND DEFENDANT DEREEN'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 93); (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 84); AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTIONS TO STRIKE REPLY BRIEFS (ECF NOS. 99, 101, 105)**

Plaintiff, a Michigan Department of Corrections' prisoner, filed this lawsuit

under the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983.

Plaintiff's § 1983 claims assert infringement of his First Amendment right of

access to the courts and deliberate indifference to his serious medical needs in

violation of the Eighth Amendment.  Defendants fall within two categories: (1)

Corizon, Inc. and medical providers employed by Corizon ("Corizon Defendants");

and (2) the State of Michigan, the Michigan Department of Corrections, the

Michigan Bureau of Health Care Services, and individuals employed by the State

("State Defendants").  On August 25, 2017, the Court referred this action to

Magistrate Judge Patricia T. Morris for all pretrial proceedings, including a hearing

and determination of all non-dispositive matters pursuant to 28 U.S.C.

§ 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive

matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 13.)

All but five defendants subsequently filed motions to dismiss or for

summary judgment (ECF Nos. 66, 84, 93), which have been fully briefed.[1]

Plaintiff filed a motion for preliminary injunction and motions to strike reply

briefs.  (ECF Nos. 99, 101, 105.)  On March 8, 2018, Magistrate Judge Morris

issued an R&R in which she recommends that the Court grant Defendants'

dispositive motions, sua sponte dismiss Plaintiffs' claims against the non-moving

defendants, and deny as moot Plaintiff's motions.  (ECF No. 104.)

## Magistrate Judge Morris' R&R

Magistrate Judge Morris first concludes in her R&R that Plaintiff fails to

state a viable ADA claim against the Corizon defendants because the statute does

not impose liability upon individuals or private corporations who provide

government services.  (*Id*. at Pg ID 438.)  Magistrate Judge Morris later

---

[1] Defendants Black, Danielsky, Deeren, Stieve, Verdasco, and Wilson were outside
the ambit of the initial dispositive motions filed.  Deeren subsequently filed a
motion for summary judgment, for which a response was pending when Magistrate
Judge Morris issued her R&R on the earlier filed motions.  (ECF No. 93.)

recommends dismissal of Plaintiff's claims against the individual State Defendants for the same reason. (*Id*. at Pg ID 447.) Magistrate Judge Morris next concludes that Plaintiff's First Amendment right of access to the courts claim against the Corizon Defendants also fails to state a claim upon which relief may be granted. (*Id*. at Pg ID 440-42.) She reasons that Plaintiff fails to identify with any detail what access to the courts he has been denied as a result of the Corizon Defendants' alleged misconduct. (*Id*. at Pg ID 441.) Magistrate Morris indicates that the fact Plaintiff currently is litigating this lawsuit undermines the plausibility of any allegation that he is unable to bring a § 1983 claim. (*Id.*) Relying on the same rationale, Magistrate Judge Morris later recommends dismissal of Plaintiff's First Amendment claim against the State Defendants. (*Id*. at 448.)

Turning to Plaintiff's deliberate indifference claim, Magistrate Judge Morris recommends granting the Corizon Defendants' motion to dismiss. (*Id*. at Pg ID 443-44.) With respect to Corizon, Magistrate Judge Morris finds that Plaintiff does not allege that it maintained a policy, practice, or custom that contributed to the alleged violations of his constitutional rights. (*Id*.) As to the medical providers employed by Corizon, Magistrate Judge Morris finds that Plaintiff's allegations fail to suggest that they had the requisite subjective knowledge of a danger to him. (*Id*. at 444.) Similarly, Magistrate Judge Morris finds an absence of facts establishing

the State Defendants' subjective knowledge of any danger to Plaintiff that they ignored.  (*Id*. at 449.)

Magistrate Judge Morris also recommends dismissal of Plaintiff's ADA claims against the State of Michigan, the Michigan Department of Corrections ("MDOC"), and the Bureau of Health Care Services ("BHCS") (collectively "Public Entity Defendants").  (*Id*. at 447.)  Magistrate Judge Morris finds that Plaintiff received numerous accommodations for his disabling conditions and fails to show, except in conclusory fashion, that discriminatory attitudes toward his disability motivated the decision to not accommodate him.  (*Id*.)

Magistrate Judge Morris finds the reasons for granting the moving Defendants' motions equally applicable to the non-moving Defendants.  She therefore recommends dismissing Plaintiffs' claims against them, as well.  (*Id*. at 450-51.)

At the conclusion of the R&R, Magistrate Judge Morris advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  (*Id*. at Pg ID 451-52.)  She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*. at Pg ID 451.)  After receiving an extension of time, Plaintiff filed objections to the R&R on May 7, 2018, which are signed and dated April 20, 2018.

4

(ECF No. 115.)  The Corizon Defendants filed a response to Plaintiff's objections.

(ECF No. 116.)

## Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive

matter, the Court "make[s] a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1).  The Court, however, "is not required to articulate all of the

reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942,

944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to

certain conclusions of the report and recommendation waives any further right to

appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to certain

conclusions in the magistrate judge's report releases the Court from its duty to

independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Plaintiff's Objections and Analysis

### Objection 1

Plaintiff first objects to the granting of Corizon's motion to dismiss.

However, in this objection, Plaintiff fails to articulate with any specificity how he

believe Magistrate Judge Morris erred in analyzing his claims against this

defendant. As Magistrate Judge Morris warned in the R&R, "[f]ailure to file *specific* objections constitutes a waiver of any further right of appeal." *See supra*, emphasis added. As the Sixth Circuit has stated: "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Fields v. Lapeer 71-A Dist. Court Clerk*, 2 F. App'x 381, 482-83 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

## Objection 2

In his second objection, Plaintiff argues that Magistrate Judge Morris erred in finding that he needed to establish a policy, practice, or custom by Corizon to hold it liable on his § 1983 deliberate indifference claim. Plaintiff is incorrect, however. The Sixth Circuit upheld the dismissal of a prisoner's claims against Corizon in *O'Brien v. Michigan Department of Corrections*, 592 F. App'x 338, 341 (2014), explaining:

> While "a private entity that contracts to perform traditional state functions may …be sued pursuant to § 1983," a § 1983 claim cannot be based solely on a theory of respondeat superior. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)). Rather, an entity may be liable under § 1983 only if its official policies or customs resulted in injury to the plaintiff. *Id.*

*Id.* Like the plaintiff in *O'Brien*, the allegations in Plaintiff's Complaint fail to identify a policy or custom by Corizon resulting in injury to him.

## Objection 3

Plaintiff next objects to Magistrate Judge Morris' finding that he fails to allege facts to establish the individual Corizon Defendants' subjective knowledge of a danger to him. Plaintiff asserts—although only in a footnote—that his "[c]omplaint contains sufficient details, names, dates, and places where the named Corizon defendants were aware of specific and very painful injuries, and despite that knowledge allowed [him] to suffer needlessly." (*See* Obj. at 4 n.22, ECF No. 533.)

This objection, like Plaintiff's first, is too general, vague and conclusory. In any event, the Court agrees with Magistrate Judge Morris that Plaintiff's Complaint fails to allege facts establishing each individual defendant's awareness of his serious medical needs.

## Objection 4

Plaintiff next objects to Magistrate Judge Morris' conclusion that he cannot prevail on his ADA claim against the individual State Defendants. Plaintiff, however, does not articulate an error in Magistrate Judge Morris' reasoning that the claim cannot survive against any defendant that is not a "public entity."

Instead, he argues that the accommodations he received were not sufficient. This is irrelevant with respect to the dismissal of Plaintiff's ADA claim against these defendants. As Magistrate Judge Morris correctly stated, the ADA does not impose liability upon individuals or private corporations providing governmental services. *See Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007) (citing cases) ("We have held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) (citing 42 U.S.C. § 12131(1)).

### Objection 5

In his fifth objection, Plaintiff takes issue with Magistrate Judge Morris' conclusion that he failed to fulfill his burden with respect to his ADA claim. Plaintiff asserts that Magistrate Judge did not properly view the evidence in a light most favorable to him. While Plaintiff's objection is vague, general, and conclusory, he states in an earlier objection that Magistrate Judge Morris failed to understand that despite receiving certain accommodations, the services he received were inadequate. Plaintiff specifically points to the appointment of a reader/writer only three days per week who he claims refused to provide Plaintiff the service, and an attendant to help him move about the prison. Plaintiff states that both are

"so inadequate" that he may as well have no assistance at all.  (Obj. at 6, ECF No. 115 at Pg ID 535.)

This Court finds no error with respect to Magistrate Judge Morris' analysis of Plaintiff's ADA claim to the extent it is based on the failure to provide him with a reader/writer assistant.  This is a claim Plaintiff raised in an earlier lawsuit, which was rejected because he failed "to allege that the failure to have such an assistant made him unable to participate in any prison service or program." *Cox v. Jackson*, 579 F. Supp. 2d 831, 851 (E.D. Mich. 2008).  In the current lawsuit, Plaintiff does not identify any prison service or program from which he is excluded due to Defendants' alleged failure to provide him reading and writing assistance.  Instead, he claims the lack of an adequate assistant has deprived him of the ability to access the courts.

Yet, Plaintiff has filed at least five fairly recent § 1983 lawsuits, in addition to the instant lawsuit, complaining about prison conditions:  *Cox v. Mich. Dep't of Corr.*, No. 14-00915 (W.D. Mich. filed Aug. 27, 2014) (Neff, J.); *Cox v. Caruso, et al.*, No. 10-14561 (E.D. Mich. filed Nov. 16, 2010) (Cohn, J.); *Cox v. Caruso, et al.*, No. 10-00354 (W.D. Mich. filed Nov. 16, 2010) (Bell, J.); *Cox v. Jackson, et al.*, No. 06-13407 (E.D. Mich. filed July 27, 2006) (Rosen, J.); *Cox v. Correctional Med. Servs., Inc., et al.*, No. 06-10350 (E.D. Mich. filed Jan. 26, 2006) (Lawson,

9

J.).  As Magistrate Judge Morris found, Plaintiff fails to establish a non-frivolous

underlying claim that he has been precluded from raising in the courts.

Nevertheless, the Court is not convinced that Magistrate Judge Morris sufficiently

analyzed Plaintiff's ADA claim related to the denial of an attendant to help him

physically navigate the prison.

The State Defendants raised two arguments in support of their request for

"summary judgment" on Plaintiff's ADA claim: (1) the individual State

Defendants are not proper defendants to an ADA claim; and (2) "Cox has failed to

establish that all State Defendants discriminated again him *on the basis* of his

disability."[2]  (*See* Defs.' Br. in Supp. of Mot. at 5, ECF No. 84 at Pg ID 297,

emphasis in original.)  Magistrate Judge Morris recommends dismissal of

Plaintiff's ADA claim against the Public Entity Defendants, reasoning that Plaintiff

does not "allege in non-conclusory fashion that discriminatory attitudes toward his

disability motivated [the] Public Entity Defendants['] election not to accommodate

his disabilities."  (ECF No. 104 at Pg ID 447.)  Magistrate Judge Morris highlights

Plaintiff's allegation that other disabled inmates receive adequate accommodations.

(*Id*. at Pg ID 447-48, citing ECF No. 92 at Pg ID 378.)  However, Plaintiff need

---

[2] While the State Defendants' motion is styled as one for summary judgment, they
challenge only the legal sufficiency of Plaintiff's Complaint.  They do not offer
evidence to refute Plaintiff's factual allegations.

not prove intentional discrimination to prevail on his ADA claim, as intentional discrimination is but only one way of demonstrating a violation.

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, *or* be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). As Magistrate Judge Morris stated in the R&R, to state a claim for relief under Title II of the ADA, a plaintiff therefore must show: (1) he is a "qualified individual with a disability"; and (2) a "public entity" denied him the benefits of its services, programs, or activities, *or* otherwise subjected him to discrimination by reason of his disability. (ECF No. 104 at Pg ID 438); *see also Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005) (setting forth the elements to state a prima facie case under Title II of the ADA). Title II requires that public entities provide "auxiliary aids and services … to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity." 28 C.F.R. § 35.160(b)(1). Thus, if Plaintiff presents evidence to show that the accommodations he has received are inadequate to enable blind inmates such as himself to enjoy the benefits, services, programs or activities available to other MDOC inmates, he has stated an ADA claim that is plausible, even if he does

not allege Defendants' discriminatory animus. *See Meade v. Mich. Dep't of Corr.*, No. 1:12-cv-287, 2013 WL 890240, at *5 (W.D. Mich. Feb. 11, 2013) (denying the defendants' motion to dismiss the plaintiff's ADA claim, where the plaintiff, a blind prisoner, alleged that he was denied the ability to fully utilize prison services, benefits, programs, or activities); *see also Ability Ctr. of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 907 (6th Cir. 2004) ("Title II does more than prohibit public entities from intentionally discriminating against disabled individuals. It also requires that public entities make reasonable accommodations for disabled individuals so as not to deprive them of meaningful access to the benefits of the services such entities provide.").

Defendants do not dispute that Plaintiff is a qualified individual based on his alleged legal blindness. Nor do Defendants dispute that some of the State Defendants are public entities subject to liability under the ADA, and the ADA undoubtedly applies to state prisons and their prisoners. *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209 (1998). Plaintiff asserts that Defendants have failed to provide a reasonable accommodation to enable him to meaningfully access prison services, programs, and activities, such as recreation time in the yard and the ability to move throughout the prison without falling. He further asserts that his access is restricted because of his inability to see. Plaintiff alleges that without an

aid to assist him on a daily basis, he "has slipped and [fallen] too many times to count" and "inadvertently steps into holes and/or large cracks in the walkway causing him to fall to the ground or walkway." (Compl. ¶¶ 37, 59, ECF No. 1 at Pg ID 20, 23.) Plaintiff further alleges that "[t]hese falls have produced scarring of the knees and joint damage, as well as shoulder damage …." (*Id.* ¶ 60, Pg ID 23.)

Plaintiff acknowledges that he has been assigned an aid, but contends that those services are available only on a limited basis (e.g., only three days per week) and that the person assigned to him has at times refused to assist him. (*See* Compl. ¶¶ 15, 26.) Plaintiff seeks a full-time aid to help him maneuver through the prison. Defendants do not argue that this request is unreasonable or that it has provided some other accommodation that is reasonable.[3]

These allegations are sufficient to allege a viable failure to accommodate claim under Title II of the ADA. The Court disagrees with Magistrate Judge

---

[3] Magistrate Judge Morris concludes that the list of special accommodations provided to Plaintiff, which he attached to his Complaint, renders "[t]he notion that Public Entity Defendants provided insufficient accommodation … simply implausible." (ECF No. 104 at Pg ID 447.) But the State Defendants did not argue that the accommodations provided to Plaintiff have been reasonable or sufficient to accommodate his inability to maneuver the prison grounds due to his blindness. In other words, neither Plaintiff's need for an accommodation nor the reasonableness of his requested accommodation were issues raised by the State Defendants in their motion. Further, while one of the listed accommodations was an attendant to assist with movement, Plaintiff is challenging the sufficiency of the actual accommodation provided.

Morris that Plaintiff needed to present evidence in response to the State Defendants' motion to show that he has suffered the claimed medical injuries from falling repeatedly as a result of not having assistance. (*See* ECF No. 104 at Pg ID 448.) This is because the State Defendants never met their burden of establishing the lack of a genuine issue of material fact on this issue. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23.

For these reasons, the Court declines to adopt Magistrate Judge Morris' recommendation to grant summary judgment to the State of Michigan, MDOC, and BHCS on Plaintiff's ADA claim based on the failure to provide an accommodation to assist him in moving about the prison.

## Objection 6

Plaintiff next objects to Magistrate Judge Morris' conclusion that he fails to state a claim against the State Defendants for interference with his right of access to the courts. Plaintiff argues that while he eventually was able to file a civil action alleging deliberate indifference to his serious medical needs, Defendants' refusal to provide him with a capable reader/writer delayed the filing of the action.

As Magistrate Judge Morris stated in her R&R, however, "standing to bring a right-of-access claim requires a showing of 'actual injury[.]'" (ECF No. 104 at Pg ID 439, quoting *Lewis v. Casey*, 518 U.S. 343, 349 (1996).) Plaintiff fails to

allege such an injury.  As set forth above, Plaintiff has filed multiple civil rights actions in the past several years, in addition to the pending matter.  *See supra* at 9.  Not one of these lawsuits were dismissed on statute of limitations grounds.  Instead, they were dismissed on the merits of Plaintiff's claims.

## Objections 7 and 8

Plaintiff's last two objections relate to Magistrate Judge Morris' analysis of his Eighth Amendment deliberate indifference claim.  Plaintiff's allegations in support of this claim, however, do not state an "objectively, sufficiently serious" harm, *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), or facts known to Defendants from which the inference could be drawn that a substantial risk of serious harm exists.  *Id.* at 837.

## Plaintiff's Motions

Plaintiff filed motions to strike Defendants' reply briefs, arguing that the Court did not grant them permission to do so.  (ECF Nos. 101, 105.)  Magistrate Judge Morris recommended that the motions be dismissed as moot.  This Court concludes that the motions should be denied because they lack merit.  This is because Defendants did not need to obtain the Court's permission to file reply briefs in support of their dispositive motions.  Eastern District of Michigan Local Rule 7.1 allows for a reply.  E.D. Mich. LR 7.1(e)(1)(C).

With respect to Plaintiff's motion for preliminary injunction, because this

Court concludes that his claims should not be completely dismissed, the motion is

not moot. The Court therefore turns to the merits of the motion. Four factors are

relevant to deciding the merits of a preliminary injunction motion:

> "(1) whether the movant has a strong likelihood of success on the
> merits; (2) whether the movant would suffer irreparable injury without
> the injunction; (3) whether issuance of the injunction would cause
> substantial harm to others; and (4) whether the public interest would
> be served by issuance of the injunction."

*Jolivette v. Husted*, 694 F.3d 760, 765 (6th Cir. 2012) (quoting *Chabad of S. Ohio*

*v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004)). For the reasons that

follow, Plaintiff fails to show that the first two factors weigh in favor of injunctive

relief.

In his motion, Plaintiff asks the Court to enjoin MDOC from withdrawing

costs associated with the maintenance of this lawsuit (i.e., the cost of legal postage

and photocopying of legal documents) from the $10.00 he has left in his account

after his other debts are satisfied. (ECF No.109.) Plaintiff argues that this strips

him of the ability to purchase items necessary for his personal health and hygiene

care (e.g., "all over-the-counter medications such as pain relievers, cold/flu

medicines, topical creams/lotions"). (*Id.* at Pg ID 492.) Plaintiff argues that

requiring prisoners to choose between maintaining a lawsuit and purchasing such

items is inconsistent with the requirements established in *Bounds v. Smith*, 430 U.S. 817 (1977).

In *Bounds*, the Supreme Court "held that 'the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds*, 320 U.S. at 828). The *Casey* Court held that a plaintiff alleging a violation of the right to access the courts must demonstrate an "actual injury." 518 U.S. at 350-55. Plaintiff does not demonstrate an actual injury to his right to access the courts because of the withdrawal of money from his account. What he is alleging is that he is being forced to choose between that right and his right to "the basic elements of hygiene," which the Sixth Circuit has found to be protected by the Eighth Amendment. *See Parrish v. Johnson*, 800 F.2d 600, 609 (6th Cir. 1986) (citing *Wright v. McMann*, 387 F.2d 519, 526 (2d Cir. 1967), *cert. denied* 409 U.S. 885 (1972)).

The Ninth Circuit Court of Appeals has found "unacceptable" a prison policy that "forces inmates to choose between purchasing hygienic supplies and essential legal supplies[.]" *Gluth v. Kangas*, 951 F.2d 1504, 1508 (9th Cir. 1991).

17

Courts have distinguished *Gluth*, however, where the plaintiff-prisoner failed to show that the hygiene supplies he could not afford were "required" as opposed to "desired" or where the evidence showed that the state, at its expense, provides indigent inmates essential hygiene supplies. *See, e.g., Martinez v. Neilson*, No. 96-15246, 1996 WL 740858, at *1 (9th Cir. Dec. 20, 1996) (holding that prisoner's Eighth Amendment claim failed because the items he claims he was prevented from buying were not essential hygiene items and prison officials presented evidence showing that basic hygiene supplies were provided at state expense) *Smith v. Gomez*, No. 1:93-cv-05390, 2008 WL 171021, at *4 (E.D. Cal. Jan. 18, 2008) (finding that free hygiene supplies were available, but the plaintiff desired to purchase a higher quality in the canteen); *Castillo v. Maddock*, No. C-95-1671, 1999 WL 236723, at *3 (N.D. Cal. April 13, 1999) (concluding that the choice to buy premium soap and shampoo from the canteen and litigating in the courts "does not lead to a constitutionally troubling result"); *see also Penrod v. Zavaras*, 94 F.3d 1399, 1405-06 (10th Cir. 1996) (explaining when evaluating a prisoner's claims regarding the denial of hygiene items that "an Eighth Amendment violation exists only when the alleged deprivation is objectively, sufficiently serious, and the prison official acts with deliberate indifference to inmate health or safety.") (internal quotation marks and citation omitted). Courts also have declined to

extend *Gluth* where the plaintiff failed to present evidence to show that he actually had been forced to choose between exercising his right of access to the courts and obtaining essential hygiene products. *Reynolds v. Wagner*, 128 F.3d 166, 183 (3d Cir. 1997) (rejecting claim because inmates presented no evidence to show that their access to the courts actually had been stymied as a result of having to pay for medical services); *Schenck v. Wood*, No. CY-94-3117, 1996 WL 190814, at *18 (E.D. Wash. Jan. 29, 1996) (finding that the defendant failed to establish a violation of his constitutional rights because he produced no competent evidence of a specific instance where he was forced to forgo a lawsuit or the filing of a particular legal document because he needed to purchase hygiene supplies or used money for legal supplies and went without essential hygiene items).

Plaintiff fails to present evidence to show that he has been forced to choose between exercising his First Amendment right of access to the courts and his Eighth Amendment right to essential hygiene supplies. First, Plaintiff does not establish that the hygiene items at issue are so "essential" that their deprivation would constitute cruel and unusual punishment under the Eighth Amendment. Prison conditions may amount to cruel and unusual punishment if they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). As the Supreme Court has explained, "a

prison official may be liable under the Eighth Amendment for denying humane

conditions of confinement only if he knows that inmates face a substantial risk of

serious harm and disregards that risk by failing to take reasonable measures to

abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Thus, in *Penrod*, the

Tenth Circuit found a genuine issue of material fact as to whether prison officials

violated the plaintiff's right to be from cruel and unusual punishment when they

denied him free toothpaste causing his gums to bleed and recede and tooth decay.

94 F.3d at 1406. Plaintiff alleges only in conclusory terms that he has been denied

certain hygiene items and he does not suggest that he faces a substantial risk of

harm without them.

Moreover, Plaintiff presents no evidence of a specific instance where he has

been forced to forgo a lawsuit or legal filing or was not able to pay for legal

supplies necessary to pursue a claim because he needed to purchase hygiene

products. Absent evidence to make these showings, Plaintiff also fails to establish

that he will suffer irreparable harm absent an injunction.

As such, the Court is denying Plaintiff's motion for a preliminary injunction.

## Conclusion

In conclusion, the Court adopts Magistrate Judge Morris' recommendation

to grant the Corizon Defendants' motion to dismiss and to grant summary

judgment to all of the State Defendants except Michigan, MDOC and BHCS.

Plaintiffs' motions to strike and for preliminary injunction are not moot. However,

the Court concludes that these motions should be denied for lack of merit. As

such, the Court is adopting in part and rejecting in part the R&R.

Accordingly,

**IT IS ORDERED** that the Corizon Defendants' motion to dismiss (ECF No.

66) is **GRANTED**;

**IT IS FURTHER ORDERED** that the State Defendants' motion for

summary judgment (ECF No. 84) is **GRANTED IN PART AND DENIED IN

PART** in that all claims are dismissed with prejudice **except** Plaintiff's ADA claim

against the State of Michigan, MDOC, and BHCS related to an aid to assist

Plaintiff in his movement throughout the prison;

**IT IS FURTHER ORDERED** that Defendant Dereen's motion for

summary judgment (ECF No. 93) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions to strike (ECF Nos.

101, 105) and motion for preliminary injunction (ECF No. 99) are **DENIED**;

**IT IS FURTHER ORDERED** that all defendants, except the State of

Michigan, MDOC, and BHCS are **DISMISSED AS PARTIES** to this action.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: June 26, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 26, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager