UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH COX,

     *Plaintiff*,                       CASE NO. 4:17-cv-11273

*v.*                             DISTRICT JUDGE LINDA V. PARKER
                                  MAGISTRATE JUDGE PATRICIA T. MORRIS

MDOC/BHCS, AND
STATE OF MICHIGAN,

     *Defendants*.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
(Doc. 108)

I.     **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion

for Summary Judgment, (Doc. 108), be **DENIED**.

II.    **REPORT**

    A.    **Background**

Plaintiff Kenneth Cox ("Plaintiff") is a prisoner incarcerated at the G. Robert Cotton

Correctional Facility ("JCF") in Jackson, Michigan, and filed a pro se complaint under 42

U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et

seq. on February 21, 2017. He alleges that he is legally blind, and suffers from diabetes,

diabetic neuropathy, a hernia, kidney problems, and shoulder and knee injuries. In addition

to the claim that Defendants failed to adequately treat his pain—and that ultimately he suffered a diabetic coma as a result of this faulty treatment—he contends that various defendants fail to adequately accommodate his disabilities and interfere with his right of access to the courts. (Doc. 1 at 16-19).

On October 24, 2017, Defendants Corizon, Holmes, Wendy Liu, Rhodes, and Sudhir ("Corizon Defendants") moved to dismiss Plaintiff's Complaint. (Doc. 66). Thereafter, Defendants Artis, Beckworth, Bouck, Braman, Shawn Brewer, Brown, Burton, V. Carlson, DeForest, Dougherty, Hall ("Officer Hall"), Hall ("ARUS Hall"), K. Hamblin, Hass, Hense, Daniel H. Heyns, Hinsley, Howard, Alford Jones, Paul Klee, Kopka, Langdon, MDOC/BHCS, State of Michigan, Murphy, Napier, Pass, Pazlka, Rorhig, Rothhaar, Sage, Smith ("Warden Smith"), Smith ("HUM Smith"), and Webb (collectively, "State Defendants") filed a Motion for Summary Judgment. (Doc. 84). Plaintiff then filed responses to the Motion To Dismiss, (Doc. 88), and the Motion for Summary Judgment, (Doc. 92). Corizon Defendants replied to Plaintiff's former Response on December 21, 2017, (Doc. 91), and State Defendants replied to Plaintiff's latter Response on January 19, 2018, (Doc. 95). Defendant Deeren also filed a Motion for Summary Judgment on January 8, 2018, which awaits a Response from Plaintiff. (Doc. 93). Plaintiff also filed a Motion for a Preliminary Injunction on February 12, 2018, and a Motion To Strike Corizon Defendants' December 21, 2017 Reply. (Docs. 99, 101); *see also* (Docs. 100, 102) (Corizon Defendants' responses to these motions).

On March 8, 2018, I recommended: that Defendants' Motions To Dismiss and for Summary Judgment, (Docs. 66, 84, 93), be dismissed; that Plaintiff's Complaint, (Doc. 1),

be dismissed in its entirety; and that Plaintiff's other Motions, (Docs. 99, 101), be denied as moot. (Doc. 104). Thereafter, on June 26, 2018, District Judge Linda Parker accepted in part and rejected in part our recommendation, granting Corizon Defendants' Motion To Dismiss and Dereen's Motion for Summary Judgment in full, granting State Defendants' Motion For Summary Judgment in part, and denying Plaintiff's February and March 2018 Motions for Preliminary Injunction and Motion To Strike. (Doc. 117). Plaintiff's only surviving claim is that MDOC/BHCS and State of Michigan contravened the ADA by denying him fair accommodation for his blindness. (*Id.*).

After my recommendation issued, but before this Court issued its June 26, 2018 Opinion and Order on the matter, Plaintiff filed the instant Motion for Summary Judgment. (Docs. 108). Remaining defendants—MDOC/BHCS and State of Michigan—did not respond.

### B.    Summary Judgment Standard

When a movant shows that "no genuine dispute as to any material fact" exists, the court will grant her motion for summary judgment. Fed. R. Civ. P. 56(a). In reviewing such motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88.

Summary judgment is also proper where the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot rest merely on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not . . . 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D. N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D. N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

4

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

### C.    Analysis

In the instant Motion for Summary Judgment, Plaintiff argues that "the defendants have not been able to show, inter alia, the absence of a genuine issue of material fact, have failed to demonstrate that any ground fails to state a claim upon which relief can be granted, failed to prove that the statute of limitations bars relief and failed to make a prima facie showing that the Plaintiff's substantive constitutional rights were not and are not continuously being violated." (Doc. 108 at 4). Plaintiff misunderstands the summary-judgment standard. Plaintiff is not entitled to summary judgment absent a showing from Defendant that a genuine issue of material fact exists; instead, Plaintiff must demonstrate that *no* genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the *movant* shows that there is no genuine dispute as to any

5

material fact and the movant is entitled to judgment as a matter of law."); *see also, e.g.*, *Heard v. Caruso*, No. 2:05-CV-231, 2006 WL 2439735, at *4 (W.D. Mich. Aug. 22, 2006) (denying the plaintiff's unopposed motion for summary judgment because the "brief simply makes allegations that could potentially state claims upon which relief may be granted"). He supplies no argument or evidence, aside from naked and conclusory allegations, that the remaining issue in this case ought to turn in his direction. As I noted in my previous recommendation, however, there exists evidence that the prison accommodated Plaintiff's blindness in compliance with the ADA. *See* (Doc. 1 at 21). This evidence creates a genuine issue of material fact.

For this reason, whether MDOC/BCHS and State of Michigan adequately accommodated Plaintiff's blindness remains a genuine issue of material fact. The Court should therefore find that Plaintiff is not entitled to summary judgment.

## III.    REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may

have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 10, 2018                                   S/ PATRICIA T. MORRIS
                                                       Patricia T. Morris
                                                       United States Magistrate Judge


### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Kenneth Cox 363033 at G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

Date: July 10, 2018                                    By s/Kristen Castaneda
                                                       Case Manager